**SHARI RUSK**
Attorney at Law
P.O. Box 188945
Sacramento, CA 95818
Telephone: (916) 804-8656
Email: rusklaw@att.net

**Attorney for Defendant
JEROME ADAMS**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>JEROME ADAMS,<br><br>Defendant. | **No.** 2:21-00104--DB-<br><br>**NOTICE OF MOTION AND DEFENDANT JEROME ADAMS'S MOTION FOR BAIL**<br><br>Date: May 20, 2022<br>Time: 2:00 p.m.<br>Judge: Deborah J. Barnes |

    Defendant Jerome Adams wishes to reopen the detention hearing in this case. The new information for this detention hearing is that his daughter, Jervonne Joseph, would be his third party custodian and that his relatives are willing to sign unsecured bonds amounting to $300,000. The release plan is for Mr. Adams to live with his daughter, who is employed and is willing to co-sign on a $50,000 appearance bond. Mr. Adams is also willing to comply with any conditions of the release that the Court may order.

    This motion is filed in accordance with revised EDCA Local Rule 429, which requires that a party moving to reopen a detention hearing pursuant to 18 U.S.C. § 3142(f) shall file a notice of motion and motion indicating what the new information or changed circumstance that the

moving party intends to submit in support of the motion and attach as exhibits any documentation of the new information or changed circumstance. The motion shall not exceed five pages unless authorized by the Court. The moving party shall notice any motion to reopen a detention hearing on the regularly scheduled magistrate court duty calendar, at least seven days before the date of the hearing on the motion, unless a shorter schedule is ordered by the Court for good cause. Mr. Adams respectfully requests that this matter be calendared for Friday, May 20, 2022 at 2 p.m. Both the government and pre-trial services are available on the date requested.

**I.      BACKGROUND**

A. Procedural History

Mr. Adams was arrested on May 19, 2021 and charged with Conspiracy to Distribute and Possession with Intent to Distribute Cocaine and Cocaine Base in violation of 21 U.S.C. §§ 846, 841(a)(1) and two counts of Use Of A Communication Facility to Facilitate a Drug Trafficking Offense in violation of 21 U.S.C. § 843(b). Jerome Adams is not a flight risk. He has never failed to make a court appearance and he has several family members willing to act as Third Party Custodians and sign unsecured appearance bonds in any amount the Court deems appropriate. Mr. Adams has no history of violence and presents no danger to the community.

B. History and Characteristics

Jerome Adams is 55 years old. He has a large, tightly knit family who all vigorously support him. He's spent nearly all his life in Sacramento. His family has rallied around him and continue to be outspoken in their offers to support and personally guarantee his success on pre-trial release. Jervonne Joseph, his 29-year-old-daughter, has agreed to act as his Third-Party Custodian and to sign an unsecured bond for any amount the Court orders.  Ms. Joseph is gainfully employed and would welcome Mr. Adams to reside with her and her children at her residence in Sacramento. Yvonne Adams, his wife of 30 years, has also agreed to sign an unsecured bond for any amount the court

deems appropriate, and would also welcome him into her home and act as a Third Party Custodian. Mr. Adams's other family members, including his adult son Jerome Adams Jr., his daughter Tatiana Adams, his brother Albert Adams, and his sister-in-law Yolanda Hudson, have all agreed to sign unsecured bonds of any amount the court deems proper.

Mr. Adams was previously employed at Cafeteria 15L at the Sacramento International Airport but was furloughed in 2020 due to the Covid pandemic. His supervisor, Sade Ray, has confirmed that Mr. Adams was a highly valued employee and would be welcomed back. She supports his return to work. Jerome Adams is currently participating in a GED program at the Sacramento county jail. (See attached certificate).

## II. ARGUMENT

There are a multitude of compelling reasons that weigh in favor of Mr. Adams's release. He now has a Third-Party Custodian, a reliable place to live, and secure employment. He poses no flight risk and no danger to the community and should accordingly be granted pre-trial release. In prior proceedings, the court signaled far less concern for Mr. Adams's flight risk and instead focused on any potential danger posed to the community. Mr. Adams has never failed to appear for Court. The least restrictive means of ensuring society is protected would be accomplished if Mr. Adams is released, with a Third Party Custodian, significant, unsecured appearance bonds totaling $300,000, gainful employment, drug testing & drug counseling. Mr. Adams is not charged with any violent acts. He has never been convicted of any violent acts. While the Pretrial Report notes factors that *could* pose a risk, none of the offered factors are attributable to his actual past behavior or specific characteristics. Rather, the factors listed concern his criminal record in general and felony convictions. *See* 2nd Bail Review Report. Despite this, Mr. Adams has maintained long periods of sobriety has not had contact with the criminal justice system in over 15 years. This history

demonstrates that despite his criminal record, Mr. Adams poses no danger to the community and society would not be better served by his continued pre-trial confinement.

Existing health issues are a major concern for Mr. Adams as they put him at higher risk of contracting and suffering from a Covid infection. At 55 years old, his existing medical conditions, including high blood pressure and diabetes, already make maintaining good health a challenge. He takes medication to control his condition. The additional risk of confinement in overcrowded jails and daily Covid exposure threatens to worsen his health. Without readily available medical care and sanitation or the ability to properly distance, Mr. Adams faces severe risks.

As detailed above, Mr. Adams has secured employment with a strong recommendation by his former supervisor at Cafeteria 15L in the Sacramento International Airport. Mr. Adams previously held employment as a cook where he earned $15 per hour. Sade Ray, his former supervisor attested to his good work ethic and stated they would welcome him back to his old position. With positive employment prospects, Mr. Adams would be able to exit custody and begin providing for himself and in turn afford a stable living environment.

Mr. Adams has four previous felony drug convictions.  However, the nature and circumstances of his offenses reflect dependency and addiction rather than financial gain. Mr. Adams convictions all involve his use of crack cocaine. He has convictions from 1993, 1996, 2002 and 2005. Mr. Adams's last offense was suffered in 2005 and after his release from custody in 2008, almost 15 years ago, he has had no criminal justice system contact. His criminal record is sporadic with a clear end in 2008 that reflects a downward trend in his criminal involvement. At 55 years old, Mr. Adams is statistically less likely to be engaged in any criminal activity simply as a result of his age. Jerome Adams has never been afforded treatment.  With drug treatment, his risk of offending further decreases. Because his priors stem from drug addiction, a critical consideration is Mr. Adams's

ability to maintain a stable living environment and manage his stressors that lead to drug use. Mr. Adams wants to undergo substance abuse treatment and counseling for his addiction issues. Under his pre-trial release plan, Mr. Adams would not only have the stability provided by living with his family, but he is also willing to submit to random drug testing. Removing the instability and triggers of substance abuse, Mr. Adams's would be afforded a real place to improve if released to his family.

The only "danger" alleged by the government, drug use or drug sales, can be mitigated by drug testing, third party custody, electronic monitoring, and drug treatment. Mr. Adams is willing to submit to any conditions imposed. His family needs him and they have been relentless in their continued efforts to support his release. Mr. Adams's alleged role in this conspiracy is attenuated, there's no evidence to suggest any violent or dangerous activities, and a strong and well-organized family support network is ready and able to welcome him back.

**III. CONCLUSION**

For the reasons stated above, the defense respectfully requests that the Court find that conditions can be fashioned to ensure the safety of the community and all future court appearances and that Mr. Adams be released on such conditions.

DATE: May 9, 2022                             Respectfully Submitted,


                                         /s/ Shari Rusk
                                         /s Shari Rusk
                                         Attorney for Defendant
                                         Jerome Adams